MINUTE ENTRY
CURRAULT, M. J.
APRIL 9, 2021
MJ STAR 0:35

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULIE ARDOIN | CIVIL ACTION |
| VERSUS | NO. 20-1054 |
| CCC ASSOCIATION, INC.<br>d/b/a CYPRESS COURT<br>CONDOMINIUM ASSOCIATION | SECTION "R" (2) |

Expedited consideration having been granted, oral argument was conducted by video conference on this date on Plaintiff's Motion to Quash Subpoenas and/or Motion for Protective Order to limit Defendant's subpoenas duces tecum to medical providers for medical records of non-party Skylar Bergeron. ECF No. 29. Defendant opposes the motion. ECF No. 35.

Participating were:   Imtiaz A. Siddiqui, counsel for Plaintiff;

Pierre V. Miller, II, counsel for Defendant.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Court GRANTED IN PART AND DENIED IN PART the Motion to Quahs. Plaintiff does not have standing under Rule 45 to challenge the sufficiency of notice of the subpoenas directed to another person's medical records,[1] but does have standing to challenge the

---

[1] *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016) ("Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45.") (citing *Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights . . . is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."); *Black v. DMNO, LLC*, No. 16-02708, 2018 WL 488991, at *2 (E.D. La. Jan. 19, 2018) (citation omitted) ("[I]n order to challenge the subpoena, the movant must be: in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena.").

relevance of the documents pursuant to Rule 26(c).[2] As the non-party's disability and medical condition is at the heart of the claims in this case as well as certain defenses asserted, and three medical providers have treated him for same, their medical records are relevant to the claims and defenses in this matter. Defense counsel must, however, limit the scope of the subpoenas to the start date of the non-party's diagnosis of his disability at issue as any medical care prior to his diagnosis or for unrelated medical conditions would not be relevant to any claim or defense. The parties were further advised to file a Joint Motion for Protective Order, within 14 days of this Order, to ensure that the medical records will be treated as confidential and used only for purposes of this litigation.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[2] *Bounds*, 314 F.R.D. at 218 ("Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena.") (citing *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n. 2 (E.D. Va. 2012); *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla.2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005)).