UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULIE ARDOIN | CIVIL ACTION |
| VERSUS | NO. 20-1054 |
| CCC ASSOCIATION, INC. | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is plaintiff Julie Ardoin's unopposed motion to file under seal certain exhibits attached to plaintiff's motion to exclude the opinion testimony of Dr. Rennie W. Culver.[1] Plaintiff seeks to seal the deposition transcript of Dr. Culver and the supplemental expert opinion of Dr. Culver, dated December 30, 2021, which she asserts are confidential and subject to a protective order.[2] Plaintiff asserts that sealing these exhibits is necessary because they quote language from the medical records of Skylar Bergeron, who is not a party to this litigation.[3]

---

[1]   R. Doc. 55.
[2]   R. Doc. 55-1 at 1.
[3]   *Id.* at 2.

1

## I.  LEGAL STANDARD

"[T]he public has a common law right to inspect and copy judicial records." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981)). "Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Id.* at 849 (alteration in original) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)). "Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (alteration in original) (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008)).

The common law right of access to judicial records is not absolute. *Van Waeyenberghe*, 990 F.2d at 848. "A court may deny access to records if the records become a vehicle for improper purposes." *Holy Land*, 624 F.3d at

689 (citing *Nixon*, 435 U.S. at 597-98). When deciding whether to deny access to records, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848. This balance requires considering "the presumption in favor of the public's access to judicial records." *See id.* at 849. The Fifth Circuit has not specified the weight to be given the presumption, nor has it assigned the burden of proof. *Bradley v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020). Nevertheless, "a court must use caution in exercising its discretion to place records under seal." *See Holy Land*, 624 F.3d at 689. In other words, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Van Waeyenberghe*, 990 F.2d at 848 (quoting *Fed. Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)); *see also Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021) ("In our view, courts should be ungenerous with their discretion to seal judicial records.").

Ultimately, though, "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. In making that decision, the Fifth Circuit has stressed the value of "detailed, clear, and specific findings made by a district court in sealing or

unsealing an order." *United States v. Sealed Search Warrants*, 868 F.3d 385, 397 (5th Cir. 2017) (citing *United States v. Chavis*, 111 F.3d 892, 892 (1997) (per curiam) (unpublished)).

## II.  DISCUSSION

The Court has reviewed Dr. Culver's deposition testimony[4] and supplemental expert opinion,[5] and finds that the interest in protecting a non-party's medical information outweighs the interest in access to judicial records.  But, the Court does not find that sealing the entire deposition testimony is warranted.  Significant portions of the deposition testimony make no reference to Mr. Bergeron's medical records.  Plaintiff recognizes this, and notes that, because she received the transcript of the deposition the day before she filed this motion, she has "not yet identified the specific portions of the transcript that are designated confidential information," and that she therefore "seeks to file the entire deposition transcript under seal at this time."[6]  On the other hand, the entirety of Dr. Culver's supplemental expert opinion concerns Mr. Bergeron's medical records.

---

4   R. Doc. 55-4.
5   R. Doc. 55-5.
6   R. Doc. 55-1 at 2 & n.1.

4

The Court finds that sealing the entirety of Dr. Culver's deposition is unnecessary, and that plaintiff's confidentiality concerns can be adequately addressed through redaction. *See Sealed Search Warrants*, 868 F.3d at 397 n.5 (citing *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 66 (1989) (stating that "the judicial officer must consider alternatives to sealing the documents" which "ordinarily involves disclosing some of the documents or giving access to a redacted version")); *Dunigan v. Miss. Valley State Univ.*, No. 1933, 2020 WL 2735396, at *2 (N.D. Miss. May 26, 2020) ("The Court finds that sealing the memorandum . . . [which] does not mostly consist of private health information . . . is unnecessary and that redaction alone is sufficient . . . .").

Accordingly, the Court grants plaintiff's motion to file Dr. Culver's supplemental expert opinion under seal. The Court denies plaintiff's request to file Dr. Culver's entire deposition testimony under seal, and gives plaintiff seven days from the entry of this order to file a redacted version of Dr. Culver's deposition testimony.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART plaintiff's motion to seal. It is ORDERED that plaintiff shall file a redacted version of its Exhibit 1 into the record by Friday, February 18, 2022.

New Orleans, Louisiana, this __11th__ day of February, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE